**Billy L. BROWN, Jr., Appellant,**

v.

**RED RIVER FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.**

No. 75515.

Court of Appeals of Oklahoma, Division 3.

Dec. 8, 1992.

As Corrected Feb. 8, 1993.

Tommy L. Sims, Lawton, for appellant.

Bill W. Burgess, Jr., Lawton, for appellee.

## OPINION

HUNTER, Judge:

This appeal is from the grant of Appellee's Red River Federal Savings and Loan Association (Red River), motion for summary judgment. Appellant, Billy L. Brown, Jr. (Brown), had an account in the Home Savings Bank (Home) which institution was declared insolvent on August 31, 1988. The Federal Savings and Loan Insurance Corporation (FSLIC) was the receiver and Red River simultaneously acquired the assets of Home under an Acquisition Agreement.

In July, 1988, two checks on Brown's account were allegedly forged. These forged checks were paid by Home. Brown was not aware of this until August, 1988. Before any action was taken by Brown, the insolvency and acquisition occurred. Brown sued Red River contending that Red River assumed the liabilities of Home. The trial judge granted Red River's request for summary judgment on April 11, 1990, holding that the FSLIC, not Red River, assumed the liability for previous negligent acts of Home. Therefore, the Court reasoned, Brown had sued the wrong party.

Red River was the defendant in another case in which it was alleged that Home had honored a forged power of attorney and had negligently allowed the forger to withdraw the accounts of another depositor. On March 14, 1989 Federal District Judge Lee West held in case number CIV-89-230W that under the Acquisition Agreement which is being construed in the present case, Red River assumed Home's liabilities toward its depositors. This liability to depositors included the depositor whose funds had been wrongfully withdrawn two years before the acquisition because of Home's negligence. In that case, the FSLIC was a party defendant and had the case removed to federal court from the county. Once the issue of Red River's liability was defined, the FSLIC was dismissed as a party defendant. Red River

did not advise the trial court in this case of Judge West's ruling in the prior lawsuit.

Although the unpublished order from federal district court is not controlling, its reasoning is persuasive to this Court.

Judge West held:

The Acquisition Agreement executed between Red River and FSLIC provides "that substantially all of [Home Savings'] assets and secured and deposit liabilities be immediately transferred to and assumed by [Red River] as provided in this Agreement." Acquisition Agreement at 2, 1E. The Agreement provides further that Red River

> expressly assumes and agrees to pay, perform, and discharge (i) all of Depositors with respect to their Deposits, and (ii) [Home Savings'] liabilities that are secured by assets purchased by [Red River] pursuant to § 2 of this Agreement to the extent of the value of the security.

*Id.* at 7, § 3. The term "deposit" is defined in the Agreement as

> a withdrawable or repurchaseable share, investment certificate or deposit in [Home Savings] of a type that is (or would be, but for the $100,000 limitation) insurable under ... 12 U.S.C. § 1278(a) ... including, without limitation, all uncollected items included in the depositors' balances and credited on the books of [Home Savings]. ...

*Id.* at 3, § 1(a).

The plaintiff has contended that Mr. Sullivan was a depositor of Home Savings and since Red River assumed the deposit liabilities of Home Savings, that Red River is liable for any claims made in connection with Mr. Sullivan's deposits. Red River has relied on the definition of "deposit" in the Acquisition Agreement to argue that it is not liable; the Court agrees that such definition is controlling in the instant case but finds that Red River's construction of the Agreement's language is erroneous.

As stated the Acquisition Agreement defines the term "deposit" as

> a withdrawable ... investment certificate or deposit in [Home Savings] ... including ... all uncollected items included in the depositors' balances and credited on the books of [Home Savings]. ...

Red River has argued that the phrase "credited on the books of [Home savings]" follows and clarifies the phrase "a withdrawable ... investment certificate or deposit. ..." The Court instead finds that the phrase "credited on the books of [Home Savings]" is descriptive of, and refers to, "all uncollected items." Accordingly, the court finds that the absence of Mr. Sullivan's deposits in the records is not fatal to the plaintiff's claims at this stage and that Red River is a proper party defendant, potentially liable to the plaintiff.

We find that the trial court erred in granting Red River's motion for summary judgment and reverse and remand for further proceedings in the lawsuit. Brown's request for attorney fees is held in abeyance until disposition on the merits at trial.

REVERSED AND REMANDED.

HANSEN, V.C.J., and BAILEY, J., concur.